Joseph Jiudice, J.
The petitioners bring this adoption proceeding for the adoption of an infant by petition verified March 15,1965, in the Family Court of the State of New York, Dutchess County.
The infant was born on the 1st day of March, 1965, at New-burgh, New York, to an unwed mother affiliated with the Protestant religion.
The natural mother testified, under oath, an attorney came to her at her place of employment and offered her assistance in placing the child and she accepted his offer. The attorney was performing services for her employer at the time. She also consented her child be brought up as a Jew and receive religious training therefor.
The attorney representing the parties in this adoption proceeding testified, under oath, he spoke to the natural mother before the birth of the child and asked her if he could be of any help in connection with a possible adoption and she indicated she would be grateful for his assistance. Thereupon, the attorney was in communication with four or five doctors in the area in order to determine whether they knew of any families eager to adopt a child.
Eventually, a physician recommended the adoptive parents with whom the attorney ultimately surrendered the child.
The attorney paid the hospital bill with his personal check, in the sum of $351.90, on the day the natural mother was discharged from the hosnital after giving birth to her child. He *929 also paid two doctor bills totaling $300. The attorney met the natural mother in the lobby of the hospital with her baby and drove the natural mother to her home, deposited her safely and, thereupon, he left with the baby. The attorney then proceeded to the home of the adoptive parents and surrendered the baby to them.
The adoptive mother testified, under oath, her doctor contacted her and informed her an attorney might have a child for adoption and he advised her to get in touch with said attorney. She called the attorney, an appointment was made, and after a conference with the attorney and adoptive parents, it was determined the infant child would be delivered to them immediately upon the infant’s discharge from the hospital.
They did not know the attorney prior to this meeting.
After the delivery of the child, the attorney was reimbursed $650 for medical and hospital expenses connected with the birth of the infant, the subject of this adoption proceeding.
The investigation provided for the court by the Probation Department of Dutchess County indicates the home surroundings of the adoptive parents are suitable and the adoptive parents themselves are acceptable.
The religious change proposed is not critical in view of the consent of the natural mother her son receive Jewish religious training (Matter of Maxwell, 4 N Y 2d 429 [1958]).
The crucial question in this adoption proceeding is “ Should this adoption be disapproved, if it is determined the infant was not ‘ placed out ’ in compliance with sections 371 (10B) (12) and 374 (2) of the Social Welfare Law? ”
Paragraph (b) of subdivision 10 of section 371 of the Social Welfare Law states: “‘Authorized agency ’ means * * * Any court or any public welfare official of this state authorized by law to place out or to board out children ’ ’.
This court comes to the conclusion, and it must be conceded, the attorney in this proceeding does not qualify as an authorized agency pursuant to the Social Welfare Law of the State of New York.
Subdivision 12 of section 371 of the Social Welfare Law states: “ ‘ Place out ’ means to arrange for the free care of a child in a family other than that of the child’s parent, stepparent, grandparent, brother, sister, uncle, or aunt or legal guardian, for the purpose of adoption or for the purpose of providing care ”.
It should also be conceded neither the adoptive parents nor the attorney are related to the infant herein within the second degree.
*930 Subdivision 2 of section 374 of the Social Welfare Law states: “ No person * * * except an authorized agency shall place out or board out any child but the provisions of this section shall not restrict or limit the right of a parent, legal guardian or relative within the second degree to place out or board out a child. ’ ’
If it is conceded the attorney is not an authorized agency, and the adoptive parents and attorney are not related to this child within the second degree, then it must follow this child has not been ‘ ‘ placed out ’ ’ in accordance with the law of the State of New York.
The difficulties and legal embroilments which can follow a bad adoption are the very things the statutory declaration attempts to avoid. Sometimes, these difficulties are the by-products of subsequent discoveries of racial origins of children unsatisfactory to the adoptive parents, or the natural mother’s demand for the return of her child, not previously realizing she would never see her baby again.
The statute establishes guidelines, which are mandatory, so as not to risk the future security of the child and the happiness of the adoptive parents and the natural mother.
The motivation and professional approach which welfare departments and authorized adoption agencies can give cannot be substituted for one unskilled in social work, no matter how benevolent his motives, in investigating and evaluating the material elements of an adoption proceeding in placing a child in a family unit.
Basic to the proper handling of an adoption is the social history investigation in order to insure, together with the court’s determination, legal protection for the child, the natural parent and the adoptive parents.
This court answers the question in the affirmative, for this adoption cannot be approved.
The Legislature of this State has wisely declared the public policy of the State of New York by statute prohibiting adoptions which begin improperly. This court accepts and agrees with the intent of the Legislature in protecting the interests of unwanted children and this court will do all in its power in order to properly place a child in a family unit which will remain intact for all time.
This child should be returned to his mother, or surrendered to an authorized agency.. The petition will be denied.