MONTANA DEPARTMENT OF SOCIAL AND REHABILITA-
TION SERVICES, PLAINTIFF AND RESPONDENT, v. CHARLES F.
ANGEL AND JOHN A. FISHER, DEFENDANTS AND APPELLANTS.

No. 13956.
Submitted March 10, 1978.
Decided April 20, 1978.
577 P.2d 1223.

Berg, Angel, Andriolo & Morgan, Bozeman, Charles F. Angel, argued, Bozeman, for defendants and appellants.

Richard A. Weber, Jr., argued, Helena, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Defendants appeal from a declaratory judgment entered by the District Court, Gallatin County. This judgment determined that defendant John A. Fisher's actions, in placing children for adoption, made him an adoption agency within the meaning of section 10-702, R.C.M.1947. By the judgment he was enjoined from continuing to place children for adoption until he obtained a license, required of adoption agencies, from plaintiff.

Defendant John A. Fisher is a medical doctor in Bozeman, Montana, specializing in obstetrics and gynecology. Defendant Charles F. Angel is an attorney in Bozeman, Montana.

Dr. Fisher, as part of his practice, provides medical services for pregnant unwed mothers, both prior to and during the birth of their children. He also renders services to married women, who for any number of reasons, cannot become pregnant but want to have children. In the past, some of the unwed mothers have expressed a desire to have their child adopted after birth. On occasion, when such a desire was expressed, Dr. Fisher would inform these women that he knew of married couples who could not have children of their own and desired to adopt a child. If any of the unwed mothers desired to pursue the matter, Dr. Fisher would talk to a married couple about the possibility of a child being available for adoption.

He would advise the couple that they should obtain legal counsel to aid them in the legal procedures of adoption. Dr. Fisher would recommend Charles F. Angel as their legal counsel.

Mr. Angel would then represent the adoptive parents in adoption proceedings in the courts. At all times, Mr. Angel knew that Dr. Fisher was not licensed as an adoption agency.

On April 20, 1977, plaintiff filed this declaratory judgment action and petition for injunctive relief against defendants. Plaintiff sought a determination that defendants' actions in placing children for adoption were such that they could not carry on the same without a valid license issued by plaintiff. They also requested that defendants be enjoined from similar future actions in the absence of a proper license.

A hearing was held in this case on June 3, 1977. On July 5, 1977, the District Court entered findings of fact and conclusions of law determining that Dr. Fisher in assisting unwed mothers in the placement of their children after birth, with prospective adoptive parents was acting as an adoption agency for which he needed a license from plaintiff. On July 11, 1977, the District Court entered a judgment in accordance with its findings of fact and conclusions of law and enjoined defendants from placing children for adoption until a license was obtained. Defendants made a motion to have additional findings and conclusions entered and raising exceptions to the court's conclusions of law. Following denial of this motion, defendants appeal.

The sole issue raised by the parties to this appeal is: whether sections 10-701 et seq., R.C.M.1947, prohibit a medical doctor from assisting an unwed pregnant mother in the placement of her child after birth with prospective adoptive parents when the doctor is not licensed as an adoption agency under these statutes.

An amicus curiae brief was filed by Suzanne Hoell, of the Coalition of Adoptive Parents, raising additional issues not raised by the parties. We decline to discuss these as amicus curiae cannot raise separate issues not raised by the parties. *State ex rel Kvaalen v. Graybill* (1972), 159 Mont. 190, 496 P.2d 1127.

■ The issue presented in this appeal is one of statutory interpretation. The approach we take in interpreting a statute was recently stated in *Montana Department of Revenue v. American Smelting and Refining Company* (1977), 173 Mont. 316, 567 P.2d 901. 597. Where the intent of the legislature can be determined from the plain meaning of the words used, the courts may not go further and apply other means of interpretation because the legislative intent is expressed in the language employed. In this case, the legislative intent is obvious from the plain meaning of the words used in sections 10-701, et seq., R.C.M.1947, viz. to give licensed adoption agencies the exclusive function of placing children for adoption. If a medical doctor is going to place children for adoption, he is acting as an adoption agency and must have a license.

Our interpretation is not unique. Other jurisdictions with similar statutes, varying somewhat in wording, have reached the same result. For example, see: *Goodman v. District of Columbia* (1947), D.C.Mun.App., 50 A.2d 812; *Dobkin v. District of Columbia* (1963), D.C.App., 194 A.2d 657; *In re McDonald's Adoption* (1954), 43 Cal.2d 447, 274 P.2d 860; *In re Adoption of Anonymous* (1965), 46 Misc.2d 928, 261 N.Y.S.2d 439.

However, defendants argue that the "plain meaning" of sections 10-701, et seq., is not clear. They base their argument on their interpretation of Title 61, Chapter 2, Montana's Adoption Statute. Defendants' claim that the legislature, in drafting the adoption statute, recognized occasional private adoptions and made a provision for them. According to defendants, these provisions are the sections on investigations of prospective adoptive homes and the authorization of trial periods in the adoptive home before the final decree of adoption is entered. Sections 61-209 and 61-211, R.C.M. 1947. They argue that if all the placements of children for adoption had to come through adoption agencies there would be no need for an investigation in the adoptive home or for use of a trial period in the home before the final decree is entered. We disagree.

■ Since these sections come from the Uniform Adoption Act,

we believe that resort to the comments of the National Conference of Commissioners on Uniform State Laws, who promulgated the act, is appropriate to determine the intent of the act. The comments state:

"Several sections attempt to deal with so-called black market operations in children. While the Act does not prohibit private placement of children, it attempts to discourage black market adoptions and private placements." 9 U.L.A. Uniform Adoption Act, p. 9.

■ Thus, it can be seen that the intent of the Uniform Adoption Act was to discourage private adoptions. We believe that this intent combined with the legislative intent in language employed in Montana's sections 10-701, et seq., shows that the legislature intended to make the placement of children for adoption the exclusive function of licensed adoption agencies.

■ Defendants' final argument is that because he is a physician he cannot obtain a license as an adoption agency. Section 10-703, R.C.M.1947, establishes the requirements for a license. One of the requirements is that the agency must be nonprofit. Defendants claim that it is because of this requirement that they cannot obtain a license. They argue that an exemption then should be made from the licensing requirement for them. To grant defendants the exemption they request would be to contravene the intent of the legislature in establishing the licensing statute in our view. We cannot judicially create an exception to a statutory requirement that the legislature chose not to include. The granting of an exception to the licensing statutes for physicians or attorneys so that they can place children for adoption without a license can only be done by the legislature.

The judgment of the District Court is affirmed.

MR. JUSTICES DALY, HARRISON and SHEA and ALFRED B. COATE, District Judge, concur.