No. 14457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

-------------------

STATE ex rel. DEPARTMENT OF
HEALTH AND ENVIRONMENTAL SCIENCES,

　　　　　Plaintiff and Appellant,

　　-vs-

DONNA LASORTE, Clerk and Recorder of
Glacier County et al.,

　　　　　Defendants and Respondents.

-------------------

Appeal from: District Court of the Ninth Judicial District,
　　　　　Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

　　For Appellant:

　　　　Stan Bradshaw argued, Helena, Montana

　　For Respondents:

　　　　Smith, Emmons, Baillie and Walsh, Great Falls, Montana
　　　　James R. Walsh argued, Great Falls, Montana
　　　　James C. Nelson, County Attorney, Cut Bank, Montana

　　For Amicus Curiae:

　　　　Hon. Mike Greely, Attorney General, Helena, Montana
　　　　Mike McCarter argued, Assistant Attorney General, Helena, Montana

-------------------

Submitted: March 21, 1979

Decided: JUN 1 8 1979

Filed: JUN 1 8 1979

_____
　　　　　　　　　　Clerk

Honorable John M. McCarvel, District Judge, sitting in place of Mr. Justice Sheehy, delivered the Opinion of the Court.

Plaintiff appeals from an order of the Glacier County District Court dismissing its amended complaint.

On June 10, 1977, William and Mary Kessner of Great Falls, Montana, initiated a series of twenty-six conveyances involving a 14.457 acre tract of land in Glacier County. They transferred the entire 14.457 acre parcel to Kenneth and Mary Kessner by warranty deed. Kenneth and Mary Kessner, in turn, transferred 13.446 acres to Louis Fontana, and at the same time deeded the remaining 1.034 acres back to William and Mary Kessner. Louis Fontana then made a similar conveyance, transferring all but approximately one acre of land to the third party and quit-claiming the remaining acre back to William and Mary Kessner. A chain of conveyances continued until the original owners held title to the entire tract of land again, but instead of hold-ing the original deed, they had thirteen deeds, evidencing thirteen separate and distinct parcels of land. The twenty-six deeds were all dated June 10, 1977, and were recorded in sequence on June 16, 1977, together with certificates of survey for each of the thirteen new lots. These certificates of survey were characterized as certificates of survey for occasional sales. The Department reviewed none of the transactions.

It is obvious from the foregoing that the transactions thus made were designed to evade the provisions of the Montana Subdivision and Platting Act, section 11-3859 et seq., R.C.M. 1947, now section 76-3-101 et seq. MCA, and the Sanitation in Subdivisions Act, section 69-5001 et seq., R.C.M. 1947, now section 76-4-101 et seq. MCA. The amended complaint and the issues raised in the lower court by the appellant were directed only to alleged violations of the Sanitation in Subdivisions Act, section 69-5001 et seq., R.C.M. 1947, now section 76-4-101 et seq. MCA.

- 1 -

The District Court entered judgment dismissing the amended complaint with prejudice on August 7, 1978. The District Court based its dismissal on the fact that section 69-5003(1) of the Sanitation in Subdivisions Act gives the Department authority to approve plats before filing, but not certificates of survey, and that certificates of survey were properly used in this case because the transfers were "occasional sales" under the Montana Subdivision and Platting Act, section 11-3859 et seq., R.C.M. 1947, now section 76-3-101 et. seq. MCA.

Notice of appeal was filed by the Department on August 10, 1978. On August 24, 1978, Mike Greely, Attorney General of the State of Montana, filed a motion in this Court requesting that he be permitted to appear and participate in the case on appeal as _amicus curiae_, due to his interest in the enforcement of the Subdivision and Platting Act. The motion was granted on August 25, 1978.

On appeal, the Department raises two issues:

1. Does the word "plat" as it is used in the Sanitation in Subdivisions Act, contemplate review of certificates of survey by the Department of Health and Environmental Sciences?

2. Does the Department of Health and Environmental Sciences have the authority under the Sanitation in Subdivisions Act (as it existed prior to the 1977 amendments) to review certificates of survey for occasional sales?

In his role of _amicus curiae_, the Attorney General is concerned with only one issue:

Were the conveyances in the instant case made in an attempt to evade the purposes of the Subdivision and Platting Act and therefore not subject to the "occasional sales" exception?

At the outset, we note that the critical facts of this

case arose prior to July 1, 1977, the effective date of subsequent amendments to the Act.

The Montana Subdivision and Platting Act, section 11-3859 et seq., R.C.M. 1947, now section 76-3-101 et seq. MCA, was enacted in 1973 for the purpose of promoting the public health, safety, and general welfare by regulating the subdivision of land. It requires that every subdivision of land (a division of land which creates one or more parcels containing less than twenty acres) shall be surveyed and platted in conformance with the Act. County clerks and recorders are prohibited from recording any instrument which purports to transfer title to or possession of a parcel of land which is required to be surveyed by the act unless the required certificate of survey or subdivision plat has been filed with the Clerk and Recorder.

The terms "certificate of survey" and "plat" are given distinct definitions under the act:

> "'Certificate of survey' means a drawing of a field survey prepared by a registered surveyor for the purpose of disclosing facts pertaining to boundary locations." Section 11-3861(1), R.C.M. 1947, now section 76-3-103(1) MCA.

> "'Plat' means a graphical representation of a subdivision showing the division of land into lots, parcels, blocks, streets, and alleys, and other divisions and dedications." Section 11-3861(6), R.C.M. 1947, now section 76-3-103(9) MCA.

A plat must be filed for every subdivision of land, but a certificate of survey need only be filed when required by section 11-3872, R.C.M. 1947, as amended, now section 76-3-404 MCA.

> "11-3872. Certificate of survey--when required--contents--form. (1) Within one hundred eighty (180) days of the completion of a survey the registered land surveyor responsible for the survey, whether he is privately or publicly employed, shall prepare and file for record a certificate of survey in the county in which the survey was made if the survey:

> "(a) provides material evidence not appearing on any map filed with the county clerk

- 3 -

and recorder or contained in the records of the United States bureau of land management;

"(b) reveals a material discrepancy in such map;

"(c) discloses evidence to suggest alternate locations of lines or points;

"(d) establishes one or more lines not shown on a recorded map the positions of which are not ascertainable from an inspection of such map without trigonometric calculations."

Certain divisions of land are exempt from the Act's numerous requirements for subdivisions. One such division of land is the "occasional sale". An occasional sale is "one sale of a division of land within any twelve month period." Section 11-3861(13), R.C.M. 1947, now section 76-3-103(7) MCA. The statutory exemption applies unless the occasional sale is adopted for the purpose of evading the Act. Section 11-3862(6), now section 76-3-207 MCA. If an occasional sale is made in an attempt to evade the Act, then the division of land is treated as any other subdivision.

Section 69-5001 et seq., R.C.M. 1947, now section 76-4-101 et seq. MCA, commonly referred to as the Sanitation in Subdivisions Act, was passed in 1967, and rewritten in 1973 to conform with the Montana Subdivision and Platting Act. The Act's definition of subdivision is identical to that found in the Subdivision and Platting Act. However, the terms "certificate of survey" and "plat" are not defined.

Administration and enforcement of the Sanitation in Subdivisions Act rests with the Department of Health and Environmental Sciences. Section 69-5003(1), R.C.M. 1947, now section 76-4-123 MCA states:

"69-5003. Approval of plans for facilities in subdivisions. (1) A person may not file a subdivision plat with a county clerk and recorder, make disposition of any lot within a subdivision, erect any building or shelter in a subdivision which requires facilities for the supply of water or disposal of sewage or solid waste, or occupy

- 4 -

any permanent building in a subdivision until the department has indicated that the subdivison is subject to no sanitary restriction."

Additional review authority is granted to the Department under section 69-5003(3), R.C.M. 1947, now section 76-4-124 MCA:

> "When a subdivision as defined in this chapter is excluded from the provisions of Title II, Chapter 38, section 11-3862, R.C.M. 1947, [e.g. occasional sales] except section 11-3862(8), R.C.M. 1947 and the subdivision is otherwise subject to the provisions of this chapter, plans and specification of the sub-divisions shall be submitted to the department and the department shall indicate by certificate that it has approved the plans and specifications and that the subdivision is not subject to a sanitary restriction."

The Department relies on sections 69-5003(1) and (3), (as they appear above in the form prior to the 1977 amendments) in its attempt to block the filing of the certificates of survey in this case.

Although section 69-5003 makes no mention of certificates of survey, the Department published MAC (ARM) 16-2.14(10) - S14340, adopted April 9, 1976, subsection (1)(j) defined "plat" as follows:

> "'Plat', for the purposes of this rule and Section 69-5003, R.C.M. 1947, means a graphical representation of a subdivision showing the division of lots, parcels, blocks, streets, alleys, and other divisions and dedications, and any document which geographically describes a division of land, including a certificate of survey." (Emphasis added.)

The Department's definition of "plat" is in direct conflict with statutory definitions which distinguish plat and certificate of survey. The Department's contention that it has broad authority in defining the term plat by virtue of the lack of a statutory definition under the Sanitation in Subdivisions Act is without merit. "Whenever the meaning of a word or phrase is defined in any part of [the] code, such definition is applicable to the same word or phrase wherever it occurs, except where

- 5 -

a contrary intention plainly appears." Section 12-215, R.C.M. 1947, now section 1-2-107 MCA. The definition of plat found under the Montana Subdivision and Platting Act is clearly applicable to the Sanitation in Subdivisions Act.

The significance of the distinction between plats and certificates of survey was discussed in State ex rel. Swart v. Stucky (1975), 167 Mont. 171, 174, 175, 536 P.2d 762:

> "The terms 'certificate of survey', 'plat', and 'subdivision' have important technical meanings that are established by the definition section of the Act . . .

> "The classification of the instrument as a sub-division 'plat' or as a 'certificate of survey' is important since the Act requires different treatment, depending upon the classification. If the instrument is classified as a 'plat', it must be submitted to the city or town governing body for review and approval prior to filing. The governing body can approve or reject the plat within 60 days after it has been submitted and after a public hearing has been held. Section 11-3866, R.C.M. 1947."

Two years ago, in State ex rel. Swart v. Casne (1977) ____Mont.____, 564 P.2d 983, 34 St.Rep. 394, this Court determined that the Department of Health and Environmental Sciences had improperly relied on the Department of Community Affairs' regulations which were in direct conflict with section 11-3862 of the Subdivision and Platting Act. The invalid regulations eliminated the statutory exemption as applied to "resubdivisions or redesign" of platted and recorded subdivisions. They required an amended plat reviewed and approved by the governing body to be filed with the Clerk and Recorder in direct contradiction to the statutory exemption. They engrafted additional and contradictory requirements on the statute in the guise of defining and implementing the evasion of statutory requirements. Finally, they frustrated the purpose of the "occasional sale" exemption of the Act. In striking down the regulations, the Court said: "It is axiomatic that a statute cannot be changed by administrative regulations." (Citation omitted.) "An administrative agency is not a 'super legislature'

- 6 -

empowered to change statutory law under the cloak of an assumed delegated power." Nor can an administrative agency engraft additional and contradictory requirements on the statute under the guise of definition.

M.A.C. §16-2.14(10) - S14340, subsection (1)(j), being in direct conflict with the statutory distinction between "plat" and "certificate of survey", is hereby declared to be void on its face. Section 69-5003(1), R.C.M. 1947, now section 76-4-123 MCA, gives the Department authority "to indicate that [a] subdivision is subject to no sanitary restriction" only before a plat is filed.

We hold that the word "plat", as it is used in the Sanitation in Subdivisions Act does not contemplate review of certificates of survey by the Department of Health and Environmental Sciences.

The Department finds support for its contention that section 69-5003(3) R.C.M. 1947, gives the Department authority to review certificates of survey in the Casne decision. The Court, after excising a paragraph of the Casne opinion, inserted the following paragraph on June 9, 1977:

> "While MDH has the statutory authority under section 69-5003(3) to review a certificate of survey regarding sanitary restrictions, this provides no justification either for the MDH or the clerk and recorder to refuse to process relator's certificate of survey. MDH's authority to review a certificate of survey under section 69-5001 et seq., R.C.M. 1947, relates to sewage disposal, water quality and availability, solid waste disposal and other environmental factors such as recreation and wildlife. Section 69-5001, R.C.M. 1947. Here it is admitted that no such problems existed with respect to relator's certificate of survey. Rather, the sole reason for MDH's refusal to process relator's certificate of survey was its reliance on the invalid DCA regulations." (Emphasis added.)

Section 69-5003(3), R.C.M. 1947, does not give the Department authority to review certificates of survey. Only "plans and specifications" of facilities are to be submitted to the

- 7 -

Department for review under subsection (3). Although the precise holding of Casne was well-founded (that the sole reason for the Department's refusal to process relator's certificate of survey was its reliance on the invalid DCA regulations) the amended language of the opinion incorrectly expands the statutory authority of the Department.

We hold that the Department had no authority under the Sanitation in Subdivisions Act (as it existed prior to the 1977 amendments) to review certificates of survey for occasional sales.

The Attorney General has maintained two roles in the instant case. The pleadings were filed in District Court by the Department through the Attorney General pursuant to section 69-4111, R.C.M. 1947, now section 50-1-102 MCA, which names the Attorney General as the legal advisor to the Department. The suit was brought to enforce the Sanitation in Subdivisions Act. On appeal, the Attorney General has been permitted to participate as amicus curiae due to his interest in the enforcement of the Subdivision and Platting Act.

Throughout the proceedings, counsel for the Department (who are acting as special assistant attorney generals) have contended that the Department has authority to review certificates of survey under the Sanitation in Subdivisions Act. The Department has not challenged Kessner's method of disposition as being adopted for the purpose of evading the Subdivision and Platting Act. The Attorney General is counsel of record in this case. However, the Attorney General chose to raise this challenge for the first time as amicus curiae in the appellate court.

An amicus curiae cannot raise separate issues not raised by the parties. Montana Department of Social and Rehabilitation Services v. Angel (1978), ____Mont.____, 577 P.2d 1223, 35 St. Rep. 532.

A party complaining of error must stand or fall upon the grounds relied upon in the trial court, State Highway Commission v. Voyich (1963), 142 Mont. 355, 384 P.2d 765.

Therefore, because the Attorney General, as _amicus curiae_, cannot raise separate issues on appeal and because the Department must stand or fall on the grounds relied upon in the trial court, we cannot set aside the conveyances in this case on the ground that they were made for the purpose of evading the Montana Subdivision and Platting Act.

The legislature has amended the statutes involved herein, effective July 1, 1977, which will eliminate the problems involved herein.

The District Court's dismissal of the amended complaint with prejudice is affirmed.

_John M. McCarvel_
Hon. John M. McCarvel, District
Judge, sitting in place of Mr. Justice John C. Sheehy.

We concur:

_Frank I. Haswell_
Chief Justice

_Jesse B. Daly_

_____

_____
 Justices

Mr. Justice John C. Harrison dissents.

Mr. Justice Daniel J. Shea will file a dissent at a later date.