MR. CHIEF JUSTICE HASWELL,
specially concurring:
I concur that the statute in question mandates an absolute preference for qualified disabled persons and with the remedy ordered by the majority.
My quarrel is that the majority opinion goes beyond the issues raised by the litigants in this case and rules on extraneous matters raised by amici for the first time on appeal. This Court has held on many occasions that it will not address issues raised for the first time on appeal, Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822; State Highway Comm. v. Milanovich (1963), 142 Mont. 410, 384 P.2d 752; nor will it consider new arguments and new theories of relief raised for the first time on appeal, Akhtar v. Van de Wetering (1982), 197 Mont. 205, 642 P.2d 149, 39 St.Rep. 400.
Furthermore, this Court has consistently held that amici cannot raise issues not raised by the parties and such issues will not be addressed by this Court. State ex rel. Department of Health and Environmental Science v. La Sorte (1979), 182 Mont. 267, 596 P.2d 477; Department of SRS v. Angel & Fisher (1978), 176 Mont. 293, 577 P.2d 1223; State ex rel. Kvaalen v. Graybill (1972), 159 Mont. 190, 496 P.2d 1127; State ex rel. Bennett v. Bonner (1950), 123 Mont. 414, 214 P.2d 747.
The reasons for these rules are manifold: (1) The theories and arguments in the case should not be changed by amici at the expense of the litigants by injecting new and extraneous issues in the case. (2) The trial court had no opportu *410 nity to hear argument, consider or rule upon new issues raised for the first time on appeal. (3) The everpresent danger that issues and arguments not considered in the trial court and not considered significant or controlling by the litigants themselves will not be adequately briefed or argued on appeal.
For these reasons, I would adhere to the salutary rule heretofore expressed and observed by this Court.