**WYOMING COALITION, a Wyoming non-profit association; Jackson Hole Outfitters' Association, a Wyoming non-profit association; Star Valley Chamber of Commerce, a Wyoming non-profit corporation; Cody Country Outfitters & Guides' Association, a Wyoming non-profit association; Meeteetse Multiple Use Association, a Wyoming non-profit association; Lincoln County Outfitters' Association, a Wyoming non-profit association; Sublette County Outfitters & Guides' Association, a Wyoming non-profit corporation; and Wyoming Outfitters' Association, a Wyoming non-profit association, Appellants (Petitioners),**

v.

**WYOMING GAME & FISH COMMISSION, Appellee (Respondent).**

No. 93–168.

Supreme Court of Wyoming.

June 6, 1994.

Robert R. Ranck and William P. Schwartz, Ranck & Schwartz, Jackson, for appellants.

Joseph B. Meyer, Atty. Gen., Mary B. Guthrie, Deputy Atty. Gen., Ron Arnold, Sr. Asst. Atty. Gen., for appellee.

William Perry Pendley and Joanne Herlihy, Denver, for amicus curiae, Mountain States Legal Foundation.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The issue in this case focuses upon the constitutionality of the delegation of rulemaking authority to the Wyoming Game and Fish Commission pursuant to WYO.STAT. § 23–1–302 (Supp.1992). The debate is over the question of sufficient constraint of the delegated authority by identifiable standards. The Wyoming Game and Fish Commission (Commission) adopted rules and regulations reducing the September bull elk hunting season in Teton County for the hunting season of 1992. Upon judicial review, the district court of the Ninth Judicial District in and for Teton County upheld the Commission's regulations. We agree with the district court that the policy statement articulated in WYO. STAT. § 23–1–103 (1991) is an adequate identifiable legislative standard to justify the regulations adopted relating to the hunting season. The Mountain States Legal Foundation (Foundation), having sought permission to participate in this case as *amicus curiae*, endeavored to present new issues in its brief, and we disregard and strike the portion of the brief of the Foundation directed to that

end. The decision of the district court of the Ninth Judicial District is affirmed.

The Wyoming Coalition and the other parties appearing as appellants, hereinafter Coalition, articulate the issues in the Brief of Appellants as follows:

I. The Commission's authority under W.S. § 23–1–302 (Supp.1992) is not constrained by any identifiable legislative standards and is therefore violative of the Wyoming Constitution.

II. The district court erred in concluding that W.S. § 23–1–302 (Supp.1992) is a constitutional delegation of authority by the Wyoming legislature.

In the Brief *Amicus Curiae* of Mountain States Legal Foundation, the issues are said to be:

I. The Wyoming legislature has unconstitutionally abdicated its appropriation authority to the Wyoming Game and Fish Commission.

II. To uphold a delegation of authority, this court must determine that the legislature provided, at a minimum, broad or general standards to guide agency action.

III. The Wyoming legislature has unconstitutionally delegated legislative function to the Wyoming Game and Fish Commission.

    A. No standards control the establishment of hunting season.

    B. The Commission cannot proscribe conduct because that is a legislative function.

The Commission, in its Brief of Appellee/Respondent sets forth the issues in this way:

I. Whether the legislature properly delegated the authority to set hunting seasons to the Game and Fish Commission.

II. Whether the court should entertain the new issues raised in the *amicus* brief.

The issue pressed by the Coalition is entirely one of law. Consequently, the relevant facts serve only as a framework for the generation of that legal issue. In May of 1992, the Commission held a hearing to consider a recommendation by the Wyoming Game and Fish Department (Department) to shorten the bull elk hunting season in northwestern Wyoming. The Coalition appeared at the hearing and presented arguments against adopting the recommendation of the Department. The Coalition contended that no sound biological reason supported the recommendations of the Department; the Department should have analyzed the economic impact of its recommendation on the State of Wyoming; and viable alternatives, other than shortening the September hunting season, were available to accomplish the goal of the Department to increase the quality of bull elk hunting. After the hearing, contrary to the arguments of the Coalition, the Commission adopted the recommendation by the Department, and the 1992 season was modified by shortening it.

In July of that year, the Coalition presented to the district court a motion to set aside agency action based on the procedural aspects of the Commission's proceedings. The motion was denied by the district court, and the ruling was not further pursued by the Coalition. Then, in December of 1992, at a time following the actual implementation of the order reducing the hunting season, the Coalition filed a second motion in which it sought to set aside the agency's action by contesting the constitutionality of the delegation of rulemaking authority to the Commission by the Wyoming legislature. The district court denied this motion and entered its Final Order Affirming Administrative Action. This appeal is taken from that order. The Coalition seeks to have this court determine that delegation of rulemaking authority to the Commission is unconstitutional.

■ The temptation is strong to dismiss this case under our doctrine of mootness. *E.g., Mari v. Rawlins Nat'l Bank,* 794 P.2d 85 (Wyo.1990); *Foster v. Wicklund,* 778 P.2d 118 (Wyo.1989); *Graham v. Wyoming Peace Officer Standards and Training Comm'n,* 737 P.2d 1060 (Wyo.1987); *In Interest of AJ,* 736 P.2d 721 (Wyo.1987); *Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n,* 693 P.2d 227 (Wyo.1985); *Walker v. Bd. of County Comm'rs of Albany County,* 644 P.2d 772 (Wyo.1982); *Northern Utilities, Inc. v. Public Serv. Comm'n of Wyoming,* 620 P.2d 139 (Wyo.1980); *Northern Utilities, Inc. v. Public Serv. Comm'n,* 617 P.2d 1079

(Wyo.1980). The doctrine of mootness is one aspect of the concept of justiciable controversies. *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182 (Wyo.1992). The parties have satisfied us, however, that the dispute represented in this case is an ongoing dispute of sufficient public import to justify our decision of the issues. They assure the Court that the issues undoubtedly would arise in the future. *Pioneer Nat'l Title Ins. Co. v. Langdon*, 626 P.2d 1032 (Wyo.1981); *Brimmer v. Thomson*, 521 P.2d 574 (Wyo.1974). Consequently, we shall address the issues on the merits.

The statutory basis for judicial review with respect to the adoption of the regulations in question is articulated in the Wyoming Administrative Procedure Act (WAPA), Wyo. Stat. § 16–3–101 to –115 (1990 & Supp.1993), stating that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> \*    \*    \*    \*    \*    \*
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right; \* \* \*.

Wyo.Stat. § 16–3–114(c) (1990).

These parties do not contend in their arguments that the rules promulgated by the Commission were in excess of its statutory jurisdiction, authority or limitations, or lacking statutory right but, instead, the focus is upon whether the degree of delegation is constitutionally permissible. For that reason, we do not consider the sufficiency of the statute to justify the action of the Commission. Since no effort was made to obtain review of the first order entered by the district court attacking the regulations on procedural grounds, we do not further consider that aspect other than to note how it fits into the general framework of constitutional delegation.

In this regard, this case does not call for us to articulate standards of review with respect to the process of promulgating a rule, which is defined as an "agency statement of general applicability that implements, inter-prets and prescribes law, policy or ordinances of cities and towns \* \* \*." Wyo. Stat. § 16–3–101(b)(ix) (1990). The rulemaking process, being prospective in nature and impacting the rights of a large number of individuals, is obviously different from the process relating to contested cases. While some of the principles relating to review of contested cases may be applied in rulemaking proceedings, the nature of such proceedings must be conceded to be substantially different.

■ In addressing the attack upon the constitutionality of the statutes, we must remember statutes are presumed to be constitutional, and one who challenges a statute on the ground of unconstitutionality must demonstrate the statute is unconstitutional and do so beyond a reasonable doubt. *Worden v. Village Homes*, 821 P.2d 1291 (Wyo.1991); *O'Brien v. State*, 711 P.2d 1144 (Wyo.1986); *Meyer v. Kendig*, 641 P.2d 1235 (Wyo.1982). This court has the duty to maintain the constitutionality of a statute when that is possible, but we cannot deny the balancing duty to declare a statute unconstitutional "if it transgresses the state constitution." *Washakie County Sch. Dist. Number One v. Herschler*, 606 P.2d 310, 319 (Wyo.1980), *cert. denied*, 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980). The burden of proof of unconstitutionality remains with the challenging party.

■ In several cases, this court has determined that a delegation of authority to an administrative agency was unconstitutional. In *State v. Grimshaw*, 49 Wyo. 192, 53 P.2d 13 (1936), we decided an agency may not define a standard of conduct pursuant to which an individual might be adjudged a criminal. Next, we concluded the power to revoke a driver's license without reason or cause amounts to an unconstitutional delegation of legislative authority to the revoking agency. *Eastwood v. Wyoming Highway Dep't*, 301 P.2d 818 (Wyo.1956). Later, we held it unconstitutional for the legislature to delegate to private parties the authority to establish retail prices in accordance with the Wyoming Fair Trade Act. *Bulova Watch Co. v. Zale Jewelry Co. of Cheyenne*, 371 P.2d 409 (Wyo.1962). More recently, this

court declared the legislative delegation of power to an agency to establish a rule for *ad valorem* taxation is contrary to the Wyoming Constitution. *Rocky Mountain Oil and Gas Ass'n v. State Bd. of Equalization,* 749 P.2d 221 (Wyo.1987). The thrust of these cases is that explicit legislative standards are required when an individual is deprived of a liberty or property interest. Express constitutional legislative power cannot be delegated in such instances. While these cases furnish insight with respect to the invalidity of the delegation of legislative authority, they must be distinguished from this case.

■ In WYO.STAT. § 23–1–103, we find a policy and mission statement for the Wyoming Game and Fish Act (WYO.STAT. §§ 23–1–101 to –6–207 (1991 & Supp.1993)):

For the purpose of this act, all wildlife in Wyoming is the property of the state. It is the purpose of this act and the policy of the state to provide an adequate and flexible system for control, propagation, management, protection and regulation of all Wyoming wildlife. There shall be no private ownership of live animals classified in this act as big or trophy game animals.

The delegation of the powers challenged is found in WYO.STAT. § 23–1–302 providing in the part addressed by the parties:

(a) The commission is directed and empowered:

(i) To fix season and bag limits, open, shorten or close seasons on any species or sex of wildlife for any type of legal weapon, except predatory animals, predacious birds, protected animals, and protected birds, in any specified locality of Wyoming, and to give notice thereof;

\* \* \* \* \* \*

(xvi) To provide for the enforcement of this act;

\* \* \* \* \* \*

(xxii) To promulgate such orders as the commission considers necessary to carry out the intent of this act;

\* \* \* \* \* \*

(xxiv) To approve and make public budgets and establish policy for the department.

Contrary to the contentions and arguments by the Coalition that the statute is an unconstitutional delegation of legislative authority, we hold these sections, read together, provide sufficient general standards for the action by the Commission.

■ We recognize the proposition that a legislature must define standards in as reasonably precise a fashion as the subject matter permits. The will of the legislature must be clear, which we find it is in this case. The agency is not permitted to follow its own course in articulating rules. The standards found in the Wyoming Game and Fish Act in the statement of its purpose are sufficient to support the delegation challenged by the Coalition. It is incumbent upon the Commission "to provide an adequate and flexible system for control, propagation, management, protection and regulation of all Wyoming wildlife." WYO.STAT. § 23–1–103.

In this context, we cannot overlook the fact that the action of the Commission must be tested in the cauldron of administrative rulemaking proceedings. The rules and regulations promulgated by the Commission must be adopted in accordance with WAPA, WYO. STAT. § 16–3–103, which articulates the minimum requirement for rulemaking by agencies. While this proceeding is less formal in its nature than that of a contested case, the agency must comply with extensive procedural requirements before rules are adopted. *Tri–State Generation and Transmission Ass'n, Inc. v. Envtl. Quality Council,* 590 P.2d 1324 (Wyo.1979).

■ Furthermore, any person who is adversely affected by the adoption of a rule by an agency is entitled to judicial review of agency action. WYO.STAT. § 16–3–114. These rulemaking proceedings furnish adequate safeguards to protect citizens from the adoption of rules and regulations by the Commission that do not comport with the standards articulated in WYO.STAT. § 23–1–103. That protection extends to any potentially arbitrary or capricious actions by the Commission.

Our sister states have adopted parallel resolutions of such issues. The courts have held

consistently that a legislative delegation, in the context of protection of natural resources, is valid if general standards together with adequate procedural safeguards are present. In Washington, a legislative delegation enabling an agency to regulate fishing was upheld because the statute defined "what is to be done and who is to do it, and procedural safeguards exist to control arbitrary administrative action." *Northwest Gillnetters Ass'n v. Sandison*, 95 Wash.2d 638, 628 P.2d 800, 804 (1981). In *Adams v. North Carolina Dep't of Natural and Economic Resources*, 295 N.C. 683, 249 S.E.2d 402 (1978), the North Carolina court concluded it was permissible to declare a legislative delegation valid by examining general standards accompanied by procedural safeguards. In Michigan, standards and adequate procedural safeguards were held to be sufficient to justify the validity of a legislative delegation. *Westervelt v. Natural Resources Comm'n*, 402 Mich. 412, 263 N.W.2d 564 (1978).

On the issue presented, we hold the Coalition has not met its burden of establishing beyond a reasonable doubt the unconstitutionality of Wyo.Stat. § 23–1–302. In fact, we are satisfied the legislative scheme is constitutional. The requisites essential for the delegation of rulemaking authority to an administrative agency are satisfied.

We conclude with the criticism of the effort of the Foundation to participate as *amicus curiae*. The Foundation sought leave to participate in this appeal as *amicus curiae*, but in its brief, the Foundation argues the question of the unconstitutionality of the delegation of the legislature's appropriation authority to the Commission, and also the unlawfulness of the authority of the Commission to create criminal offenses. Neither of these issues were presented by the Coalition. The Foundation's presentation of an argument that it entitles, "The Wyoming Legislature Has Unconstitutionally Abdicated Its Appropriation Authority To The Wyoming Game And Fish Commission," is completely apart from the issues argued by the Coalition.

█ An effort to inject extraneous issues is not helpful to this court and it subverts the purpose of an *amicus curiae* participation. The appropriate purpose generally "is to aid the court on questions of law, * * *." 4 Am.Jur.2d *Amicus Curiae* § 3, at 110–111 (1962). That means the *amicus* is called to assist the court in the case or call attention to facts, laws, or circumstances **pertaining to the issues** the court may overlook. It is clear the *amicus* may "present facts or arguments in a different context from those presented by the parties" (Robert L. Stern, Appellate Practice in the United States, Ch. 10.19, at 309 (2d ed. 1989)); but the presentation of entirely novel issues is not justified. Our sister jurisdictions have consistently held that raising new issues is beyond the allowable scope of participation by an *amicus curiae*. *See, e.g., Montana Dep't of Social and Rehabilitation Services v. Angel*, 176 Mont. 293, 577 P.2d 1223 (1978); *Matter of Shields' Estate*, 1 Kan.App.2d 688, 574 P.2d 229 (1977); *John Deere Indus. Equip. Co. v. Moorehead*, 38 Colo.App. 220, 556 P.2d 91 (1976), *rev'd on other grounds*, 194 Colo. 398, 572 P.2d 1207 (1977); *State in Interest of Woodward*, 14 Utah 2d 336, 384 P.2d 110 (1963). Consequently, we disregard and strike parts I and III of the Brief *Amicus Curiae* of Mountain States Legal Foundation together with its conclusions. We trust that, in the future, *amici curiae* will not yield to the temptation to emulate this approach.

We are satisfied the challenged statute, Wyo.Stat. § 23–1–302, is constitutional, and it does not manifest an unconstitutional delegation of legislative power. It is justified by sufficiently identifiable general standards together with procedural safeguards that inhibit any unlawful, arbitrary, or capricious rulemaking by the Commission. The Final Order Affirming Administrative Action entered in the district court is affirmed.