OPINION OF THE COURT
Phoebe K. Greeneaum, J.
The petitioners, adoptive parents, made a motion for the court to determine the extent of reimbursement of expenses they should pay to the natural mother.
Sonya G., the natural mother herein, arrived in New York City from South Carolina with her 12-month-old son on February 27, 1982. The petitioners and their attorney met with the natural mother, who decided to surrender her child to the petitioners for the purpose of adoption.
At that time, it was agreed that the petitioners would be responsible for the expenses incurred by Ms. G. in coming to New York and staying here for the necessary period "of time. In addition, the petitioners would pay room and board and relocation expenses which would be incurred by Ms. G. in relocating in South Carolina upon her return, which she felt was necessary after surrendering her child.
Prior to leaving New York, Ms. G., for the first time, requested that she be reimbursed for various moneys that she had spent in raising her son during his first year. Although she surrendered her child without any condition regarding the repayment of these moneys, she felt that she was entitled to reimbursement for expenditures totaling $5,042. Her expenses covered items such as a crib, walker, *484 highchair, playpen, clothes, milk, ancl Pampers. All parties agreed that the matter would be submitted to the court and that they would be bound by the court’s determination.
In private placement adoptions such as the one herein, the applicable statute is subdivision 7 of section 115 of the Domestic Relations Law which reads as follows: “The adoptive parent or parents shall also present an affidavit describing all fees, compensation and other remunerations paid by such parent or parents on account of or incidental to the birth or care of tíre adoptive child, the pregnancy or care of the adoptive child’s mother or the placement or adoption of the child and on account of or incidental to assistance in arrangements for such placement or adoption.” The court in its research has been unable to find'any case law on the definition of “compensation” as used in subdivision 7 of section 115 of the Domestic Relations Law. Nor does the statute explain the term. Consequently, the issue herein is one of first impression.
The statute itself provides some guidance as does subdivision 6 of section 374 of the Social Services Law. Subdivision 7 of section 115 of the Domestic Relations Law allows compensation for expenses incurred in the birth or care of the adoptive child, in the pregnancy or care of the natural mother, and in the placement or adoption of the child. Subdivision 6 of section 374 of the Social Services Law referring to adoptions from authorized agencies bars a person from requesting, accepting, or receiving any compensation or thing of value, directly or indirectly, in connection with the adoption of a child or for assisting a parent, relative, or guardian in arranging for the placement of the child for the purpose of adoption. However, this statute does not prevent the payment by an adoptive parent of “reasonable and actual legal fees charged for consultation and legal advice, preparation of papers and representation and other legal services rendered in connection with an adoption proceeding or of necessary disbursements incurred for or in an adoption proceeding.”
The relevant phrase is found in subdivision 7 of section 115 of the Domestic Relations Law: “Care of the adoptive child”. The natural mother has not requested any funds for her pregnancy or the birth of the child and this court will *485 not decide that issue. Specifically, what the court will determine is whether the natural mother of a one-year-old child privately placed for adoption can be reimbursed for any expenses she incurred for the care of the child during the time the child resided with and was reared by her.
Two factors trigger the court’s conclusion that the natural mother is not entitled to any compensation from the adoptive parents for the child’s expenses during his first year. First, the statute, as stated above, refers to “care of the adoptive child”. (Domestic Relations Law, § 115, subd 7.) The term “adoptive child” is defined in subdivision 1 of section 109 of the Domestic Relations Law as “a person adopted.” This court finds that the term “adoptive child” does not become operative until the natural parent or parents choose to surrender the child for adoption. Up until that point, the child is not considered an adoptive child and, hence, any expenses incurred by the natural parent or parents for the support of the child, such as the items listed by the natural mother herein, are chargeable to the parent pursuant to section 413 of the Family Court Act.
The second factor is the age of the child involved in the instant proceeding. It has been the court’s experience that the majority of children involved in private placement adoptions are placed with the adoptive parents at birth. The natural mother never even sees her baby and her pregnancy and birth costs are properly reimbursed by the adoptive parents.
In the proceeding herein, the natural mother did not make this momentous decision to surrender her child for adoption until the child was one year old. From the baby’s birth until the natural mother’s surrender of the child for adoption, the mother had the baby’s companionship and love and vice versa. Although the court is certain that the natural mother’s decision to surrender her child for adoption was probably one of the hardest she will have to make in her lifetime and was undoubtedly made after many hours of pondering the pros and cons, the natural mother did receive the benefit of the baby’s company for one entire year. The court sees no reason why the adoptive parents should pay for the expenses incurred by the mother in caring for her child during his first year while she was the *486 beneficiary of the child’s companionship and they were not. The expenses incurred while the child was in the natural mother’s custody and care and not related to the adoption, pregnancy, confinement, delivery, or recovery in connection with the adoption are not within the purview of the statute.
Accordingly, the court holds that in private placement adoptions adoptive parents may reimburse the natural mother for expenses incurred in the care of the adoptive child only after the natural mother has set the adoption wheels in motion by consenting to the adoption of her child; and that a natural mother who surrendered her child of one year of age is not entitled to any such compensation for expenses incurred prior thereto as the child was not yet an adoptive child and the child provided priceless benefits, including love, to the mother during that time. The natural mother’s list of expenses presented for raising the child is disallowed in its entirety.