OPINION OF THE COURT
Evans V. Brewster, S.
In this private placement adoption proceeding, the court on its own motion addressed the reasonableness of the fee of the attorney for the petitioners (Domestic Relations Law § 115 [7]). "At the outset there should be recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts’ inherent and statutory power to regulate the practice of law (Gair v Peck, 6 NY2d 97; cf. Judiciary Law, §§ 53, 90, art 15).” (First Natl. Bank v Brower, 42 NY2d 471, 474.)
An affirmation has been submitted by the attorney who represents the petitioners in this proceeding. Included therein is a brief description of the services rendered on behalf of both the adoptive parents and the natural mother, who was not represented by separate counsel. Many hours were spent assisting the natural mother in locating suitable adoptive parents for her child, obtaining and providing the natural mother with background information concerning several prospective adoptive couples, arranging a meeting between the natural mother and the adoptive parents, reviewing documents with the natural mother prior to execution, assisting her in finding temporary living quarters and appearing with her in court. After the birth, several hours were spent "fetching” the infant from the hospital. The affidavit disclosed that documents were prepared by counsel for the adoptive parents for execution by the adoptive parents and by the natural mother, documents were reviewed with the adoptive parents and with the natural mother, the attorneys appeared in court with the natural mother, to execute and file her irrevocable consent and time to be expended to finalize the adoption was estimated.
*668 The services performed for the petitioner did not entail any complex legal questions or difficulties. In fixing a fair and reasonable fee, the nature of the services performed is an important element for the court to consider. Weight is also given to the difficulty of the questions involved (Matter of Pagnotta, 161 Misc 415), the skill required to handle the problems presented (Matter of Saperstone, 258 App Div 776), the responsibility undertaken and the results obtained (Matter of Hirsch, 154 Misc 736).
The affidavit of services describes the assistance provided the natural mother from before the birth of her child until the execution of her irrevocable consent before the court. In a private adoption, the conflict between the interests of a natural mother and the adoptive parents is clear and unmistakable. Counsel for adoptive parents should avoid any actions which can be construed as joint representation of the adoptive parents and the natural mother. The absence of a retainer agreement with the natural mother does not open the door to permissive de facto representation. "Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant.” (Code of Professional Responsibility, EC 5-14.)
Conflict always exists between the interests of the adoptive parents and the interests of the natural mother in the determination of proper, reimbursable expenses to the natural mother and the execution by the natural mother of affidavits and the consent to the adoption.
It is not sufficient that counsel advised the natural mother that she represented only the adoptive parents. If counsel for adoptive parents reviews the consent agreement or other legal documents with the natural mother, assists her in locating a place to live and obtains reimbursement of expenses and advises which expenses are reimbursable, a conflict exists. Such conduct is improper and should be avoided. To avoid a conflict of interest in private placement adoptions, the natural mother should be represented by independent counsel of her own selection. In this adoption proceeding, the natural mother was not represented by independent counsel when she appeared before the court to execute her consent to the adoption *669 and was not represented by independent counsel at anytime with respect to the surrender of her child for adoption. The practice of the attorney for the adopting parents acting on behalf of the natural mother in arranging for her transportation to New York State for the purpose of having her child born in New York State, for her temporary housing, and reviewing legal documents with her is improper.
After reviewing all the submissions and using the criteria enunciated in Matter of Potts (213 App Div 59, affd 241 NY 593) and reiterated in Matter of Freeman (34 NY2d 1), the court determines a fair and reasonable attorney’s fee for the attorney for the adoptive parents to be the sum of $1,500 for all services rendered and to be rendered in this proceeding through the making of the final order and application for a new birth certificate. Any sums received in excess of this amount shall be refunded to the petitioners. Confirmation of the refund shall be filed with the court.
Expenses for food, rent utilities, cable TV, travel, flowers and furniture rental in the amount of $7,996.02 were paid on behalf of the natural mother without court review and approval. The law is clear that adoptive parents may reimburse a natural parent only for expenses "on account of or incidental to the birth or care of the adoptive child, the pregnancy or care of the adoptive child’s mother or the placement or adoption of the child and on account of or incidental to assistance in arrangements for such placement or adoption.” (Domestic Relations Law § 115 [7].) Specifically disallowed in this proceeding are the following: food and living expense for 13 weeks prior to birth and five weeks after birth ($1,728); rental of apartment in South Carolina ($1,385); gas, electric and telephone expenses in South Carolina ($639.82); furniture rental in South Carolina ($315.04); cable TV expense ($28.22); travel ($250); and flowers ($28.06). These amounts shall be reimbursed the adoptive parents by their attorney and confirmation of such repayment filed with the court within 20 days of this decision.