OPINION OF THE COURT
C. Raymond Radigan, J.
In this private placement adoption the court is asked to pass upon payments made by the adopting parents in connection with the natural mother’s pregnancy and childbirth. An affidavit has been submitted by the attorney for the petitioners and by the child’s natural grandmother explaining the expenses incurred in connection with the infant’s birth. The adopting parents are asked to reimburse the grandmother the sum of $3,500 which was loaned to the natural mother for her expenses which included: rent, food, the purchase of furniture, utilities, and other living expenses "which she (the natural *756 mother) incurred during her pregnancy in her new home over a period of eight months.” Additionally, the grandmother gave her daughter $2,000 as partial payment on a used automobile and seeks reimbursement.
Without showing extraordinary circumstances, the usual reimbursable expenses of a natural mother are limited to those "on account of or incidental to the birth or care of the adoptive child, the pregnancy or care of the adoptive child’s mother or the placement or adoption of the child and on account of or incidental to assistance in arrangements for such placement or adoption” (Domestic Relations Law § 115 [7]; Matter of Kendrick G., 114 Misc 2d 483).
The purpose for subdivision (7), which became effective September 1, 1981, was not to reimburse the natural mother for each and every conceivable expense she may have had during her pregnancy, but, instead, places a limit on expenses to those incidental to the birth or the pregnancy. It is understandable that a mother would want to help her daughter during the pregnancy as much as possible, but certainly, the adopting parents cannot be expected to support the natural mother with all her expenses throughout her pregnancy, particularly the purchase in part of an automobile used for the mother’s employment which appears to be totally unrelated to the adoption in any way.
Having reviewed the entire record and the affidavit of expenses submitted, the court recognizes no special circumstances which would justify reimbursement to the natural mother for many of the disbursements requested. Accordingly, the court disallows reimbursement of $2,000 for the purchase of the natural mother’s automobile and reduces the remaining expenses to a reasonable sum of $2,250. The reimbursement for expenses allowed in the sum of $2,250 are in addition to the attorney’s fees which have been paid and medical expenses of $1,500. Any moneys received by the natural mother in excess of the expenses approved by the court shall be refunded to the adoptive parents.