OPINION OF THE COURT
Evans V. Brewster, S.
By notice of motion, the attorney for the adoptive parents seeks a determination of the appropriateness of reimbursing the natural mother for expenses alleged to be "incidental to the pregnancy and birth of the [adoptive] child”. The expenses are lost wages which the natural mother claims she would have earned but for the happening of her becoming pregnant and delivering the adoptive child.
The reimbursable expenses of a natural mother are limited to those "on account of or incidental to the birth or care of the adoptive child, the pregnancy or care of the adoptive child’s mother or the placement or adoption of the child and on account of or incidental to assistance in arrangements for *742 such placement or adoption.” (Domestic Relations Law § 115 [7].)
The natural mother was working for two different employers at the beginning of her pregnancy in March 1985, viz., a department store and a restaurant. She was forced to terminate her job at the restaurant in October 1985, after having her hours of employment reduced starting in September. She continued working in the department store almost until the child was born in December 1985, but with a reduced work load during the last months of her pregnancy. A breakdown of hours worked and wage scales between March and December 1985 has been submitted, along with a statement regarding the normal hours worked prior to her pregnancy.
It is noted that the natural mother surrendered her child for adoption on December 27, 1985, five days after the birth of the baby. In affidavits executed on the date of surrender, the natural mother refers to "all expenses incurred by me in connection with my pregnancy, birth of the child and recuperative period”, and states that the adoptive parents agreed to pay for them. In the affidavit pursuant to Social Services Law § 374, she lists "medical and legal expenses, recooperative [sic] expenses, and lost wages” as items for which reimbursement was anticipated.
Despite the natural mother’s expectations, lost wages are not viewed as incidental to the pregnancy and birth of the child. Consequently, they do not fall within the parameters of reimbursable expenses envisioned by Domestic Relations Law § 115 (7). They are, accordingly, disallowed.