OPINION OF THE COURT
C. Raymond Radican, J.
In this adoption proceeding the court is reviewing the reasonableness of the fees which were paid in connection with the placement of the child.
*624 The child was born on January 31, 1987 in Phoenix, Arizona. The natural parents executed the required consents in Arizona giving all rights and custody of the child to Birth Hope Adoption Agency, Inc., an agency licensed in Arizona but not in New York. The required Interstate Compact placement documents have been filed and the placement approved by the New York Compact Administrator.
An affidavit setting forth the expenses incurred by the agency on behalf of the natural mother and child has been submitted along with a statement of the fees charged the adoptive parents. There are medical expenses which include payments to the hospital, obstetrician, pediatrician, and the cost of prescriptions amounting to $5,539.96. The other expenses ($1,147.95) include clothing costs, birth certificates, housing, and living expenses. In addition, Birth Hope Adoption Agency, Inc. requires an initial service fee of $1,500 and a placement fee of $15,000.
In New York, the reimbursable expenses of a natural mother are limited to those "on account of or incidental to the birth or care of the adoptive child, the pregnancy or care of the adoptive child’s mother or the placement or adoption of the child and on account of or incidental to assistance in arrangements for such placement or adoption” (Domestic Relations Law § 115 [7]; Matter of Kendrick G., 114 Misc 2d 483).
In a letter dated August 19, 1987 from Birth Hope Adoption Agency, Inc. which has been made a part of the court’s file, the executive director of Birth Hope Adoption Agency, Inc. indicates that the placement fees charged reflect the general expenses for running the agency including but not limited to salaries, rent, telephone, professional services, insurance, depreciation of equipment, counseling, and transportation. Having reviewed the file and the affidavit submitted by the agency, the court approves all medical expenses plus other expenses of $1,147.95 which relate to this specific adoption. However, except in the case of authorized agencies, there is a prohibition against paying or accepting compensation in connection with the placing of a child for adoption or assisting a parent, relative or guardian of a child in arranging for the placement of the child for the purpose of adoption (Social Services Law § 374 [6]). Neither New York statutory law nor case law permits the payment of a placement fee as charged by this agency. Therefore, the payment of a placement fee of $16,500 is not approved. Since the agency is without this *625 jurisdiction, there is a clear problem for the court in ordering the agency to repay its fee to the petitioners.
Nevertheless, a copy of this decision is being sent to the Department of Social Services and the Compact Administrator for comment on the fees charged in this adoption. Until the court receives an adequate response on the propriety of the fees charged or until Birth Hope Adoption Agency, Inc. becomes an authorized agency in this State, this court will no longer accept petitions involving this agency (see, Matter of Rachel, Queens County, Apr. 29, 1987, file No. 5614/86). This decision is not intended to deny the pending petition for adoption. As in all cases, the best interests of the child are paramount and must be protected.
Accordingly, the attorney for the petitioners should contact the Adoption Department for further instructions on finalizing the adoption.