PRENTICE, RESPONDENT, *v.* McKAY ET AL., APPELLANTS.

(No. 2,603.)

(Submitted December 14, 1908.  Decided January 11, 1909.)

[98 Pac. 1081.]

*Waters and Water Rights—Appropriation on Private Property*
*—License—Revocation.*

Water Rights—Appropriation on Private Property.
1.  Neither sections 2339, 2340, United States Revised Statutes, nor
sections 4840 et seq., Revised Codes, regulating the acquisition of the
use of water by appropriation, have authorized, .or could authorize, a
person to go upon the private property of another for the purpose of
making an appropriation, except by condemnation proceedings.

Same—Statutes—Apply to Public Lands Only.
2.  Sections 4840-4891, Revised Codes, regulating the acquisition of
the use of water by appropriation in this state, apply only to appro-
priations made on the public lands of the United States or of the state,
and to such as are made by individuals who have riparian rights either
as owners of riparian lands or through grants from such owners.

Same—Manner of Acquisition on Private Lands.
3.  One may not acquire a water right on the land of another without
acquiring an easement in such land, created either by operation of
law, by an instrument in writing or by prescription.

Same—Appropriation on Private Property—License—Revocation.
4.  Where the record on appeal in a water right contest failed to dis-
close that plaintiff in making an appropriation of water upon the lands
of defendant had resorted to condemnation proceedings or received a
grant of an easement in that regard, or acquired it by adverse user,
plaintiff had only a license, which, not having been one coupled with
an interest or one for which a valuable consideration had been paid,
was revocable at the pleasure of the licensor or his successor in in-
terest.

Same—License—Revocation—What May Constitute.
5.  The action of a licensor in obstructing the use of water appropri-
ated on his lands by means of a license not coupled with an interest
or acquired for a valuable consideration, amounted to a revocation of
the license.

*Appeal from District Court, Madison County; E. K. Cheadle,*
*Judge.*

ACTION by Octavia Prentice against Caroline McKay and an-
other.  Judgment for plaintiff, and defendants appeal from it
and an order denying them a new trial.  Reversed and re-
manded.

*Messrs. Clark & Duncan,* for Appellants.

*Mr. Edmund Callaway,* and *Mr. S. V. Stewart,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by Octavia Prentice against Caroline McKay and Thomas Galahan to quiet title of plaintiff to a certain water right, and to secure an injunction restraining the defendants from interfering with the free use and enjoyment of such right by the plaintiff. The court found that the plaintiff was the owner of forty acres of land in section 18, township 4 south, of range 5 west, in Madison county; that this land is arid, and that forty miner's inches of water are required for its successful irrigation; that in 1893 the predecessor in interest of plaintiff owned the land in section 18 now owned by the plaintiff; that on July 15, 1893, the predecessor of plaintiff constructed a ditch from certain springs and a stream on section 19, and by means thereof conducted forty miner's inches of water to and upon the land in section 18. Finding No. 5 is as follows: ''That the said lands with the said water right was thereafter, by mesne conveyance, conveyed to the plaintiff herein, Octavia Prentice.'' The court also found that ever since the waters were so diverted the plaintiff and her predecessor in interest have continuously used the same for the irrigation of the lands in section 18. From these facts the court concluded that the plaintiff is entitled to an appropriation of forty miner's inches of the waters of the springs and stream mentioned, and entered a decree quieting the plaintiff's title to the same, and enjoining the defendants from interfering therewith. From the judgment and an order denying them a new trial, the defendants have appealed.

It appears that on and prior to December 11, 1890, S. C. Prentice was the owner of the lands in section 19, upon which are the springs and stream mentioned in the findings; that on December 11, 1890, S. C. Prentice and his wife, Octavia, the plaintiff below

and the respondent here, executed and delivered to Caroline McKay, the defendant and appellant, a mortgage upon the land in section 19; that on June 2, 1898, Mrs. McKay commenced an action in the district court of Madison county against S. C. Prentice and Octavia Prentice, his wife, to foreclose the mortgage; that such proceedings were had and done in the action that on June 27, 1899, a decree of foreclosure was duly given and made in favor of Mrs. McKay and against S. C. Prentice and Octavia Prentice, which decree provided that the sums of money mentioned therein constituted a valid lien upon the land in section 19 above by virtue of the mortgage so given, and directed a sale of the premises; that a sale thereof was made by the sheriff of Madison county as directed; that at such sale Mrs. McKay became the purchaser; that there was not any redemption from the sale within the time allowed by law; that on February 6, 1900, the sheriff executed and delivered to Mrs. McKay a deed for the premises; and that ever since she has been the owner and in possession of the property. It also appears that some time prior to 1893 S. C. Prentice had made a tree culture entry upon the lands in section 18 above, and the court apparently found that he constructed a ditch from the springs and stream on section 19 to irrigate this land in section 18, although we are unable to find any evidence to justify such a finding. It appears that S. C. Prentice abandoned his tree culture entry, and that his wife, Octavia, made a desert entry upon the same land. We have searched the record in vain for evidence of any sort of a transfer from S. C. Prentice to his wife of any interest in the land or the water right. Even assuming that S. C. Prentice made a valid appropriation of the water in 1893, and assuming, further, but not deciding, that he could have made a valid transfer thereof to his wife, still, in the absence of a showing of a transfer of such right to her, she cannot claim the same by virtue of his appropriation.

There does not appear to be any evidence to support finding No. 5 above. If we give to the evidence offered on behalf of the plaintiff that construction most favorable to her, it would seem

that in 1893 she went into possession of the whole, or at least a portion, of this forty-acre lot in section 18, and constructed a ditch from these springs and stream; that in 1894 she planted an orchard and irrigated it by means of the ditch dug in 1893; that in 1899 she made a desert entry upon the forty-acre tract, and about the same time constructed a larger ditch from the springs and stream to her orchard and filed a notice of appropriation; that she afterward received patent for the land and has ever since owned and been in possession of it, and used the water continuously from 1893 until the use was obstructed by the defendants.

This being a suit in equity, we may inquire whether the respondent in fact made an appropriation of this water in 1893 or in 1899. The water which she assumed to appropriate was produced in springs and a stream on the land in section 19 above, then owned by S. C. Prentice in fee, subject only to a mortgage to Mrs. McKay. The United States and the state of Montana have recognized the right of an individual to acquire the use of water by appropriation (Rev. Stats. U. S., secs. 2339, 2340 [U. S. Comp. Stats. 1901, p. 1437]; Revised Codes, secs. 4840 et seq.; *Wood* v. *Etiwanda Water Co.,* 122 Cal. 152, 54 Pac. 726; *Welch* v. *Garrett,* 5 Idaho, 639, 51 Pac. 405); but neither has authorized, nor, indeed, could authorize, one person to go upon the private property of another for the purpose of making an appropriation, except by condemnation proceedings. The general government has merely authorized the prospective appropriator to go upon the public domain for the purpose of making his appropriation (see note to *Heath* v. *Williams,* 43 Am. Dec. 265, [25 Me. 209]), and the statutes of this state (sections 4840-4891, above) only apply to appropriations made on the public lands of the United States or of the state, and to such as are made by individuals who have riparian rights either as owners of riparian lands or through grants from such owners. This is the doctrine announced in *Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 60 Pac. 398, 50 L. R. A. 741, where the court further said: "A trespasser on riparian land cannot lawfully exer-

cise there any right to such water or acquire any right therein by virtue of sections 1880 et seq. of the Civil Code of 1895 [sections 4840 et seq., Revised Codes]. (*Alta Land Co.* v. *Hancock,* 85 Cal. 219, 20 Am. St. Rep. 217; 24 Pac. 645)." In the same opinion this court also said: "One may not acquire a water right on the land of another without acquiring an easement in such land." And again: "An easement is an interest in land that cannot be created, granted, or transferred except by operation of law, by an instrument in writing, or by prescription." Since the use of water is declared by the Constitution of this state (Article III, sec. 15) to be a public use, the right to appropriate water on the land of another may be acquired by condemnation proceedings. (*Smith* v. *Denniff,* above; *St. Helena Water Co.* v. *Forbes,* 62 Cal. 182, 45 Am. Rep. 659.) If Mrs. Prentice made a valid appropriation of water upon the private lands of S. C. Prentice, she must have acquired an easement in his lands (*Smith* v. *Denniff,* above), and, if she did acquire such easement, she must have done so by grant from S. C. Prentice, by condemnation proceedings or by prescription (*Smith* v. *Denniff,* above). But the record here fails absolutely to disclose that Mrs. Prentice ever resorted to condemnation proceedings, or ever received a grant of the easement or acquired it by adverse user. We are not called upon, therefore, to determine what, if any, effect should be given to a grant of an easement by S. C. Prentice while his premises were mortgaged. So far as this record discloses, the transaction between S. C. Prentice and Mrs. Prentice amounted only to a license by the former to the latter to take the water from the springs and stream to her land, and, not being a license coupled with an interest, nor one for which a valuable consideration was paid, it was revocable at the pleasure of the licensor or his successor in interest (*Great Falls Waterworks Co.* v. *Great Northern Ry. Co.,* 21 Mont. 487, 54 Pac. 963) ; and the actions of the defendants in this particular instance in obstructing the use of the license amounted to a revocation thereof (25 Cyc. 651, and cases cited).

The judgment and order are reversed and the cause is remanded to the district court, with directions to vacate the judgment and order heretofore made, and to enter judgment for the defendants.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.