No. 89-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

ROLAND C. BENSON and ARMONIA A.
BENSON,

        Plaintiffs and Appellants,

   -vs-

CLARK PYFER and PAUL KLEFFNER, d/b/a
INTERCITY DEVELOPMENT COMPANY,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        John L. Hollow, Helena, Montana

     For Respondent:

        Jacqueline N. Terrell, Helena, Montana

_____

Submitted on Briefs:  Oct. 13, 1989

Decided:  December 6, 1989

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Appellants appeal from an order of the District Court of the First Judicial District, Lewis and Clark County, granting respondents' motion for summary judgment. We affirm.

In January of 1979, respondents received approval of a preliminary plat of the Intercity Commercial Subdivision located in Lewis and Clark County. Respondents recorded the final plat on June 26, 1979. On September 10, 1979, the City of Helena created SID # 354 for construction of streets in Block 1 of Intercity Commercial Subdivision. Respondents at that time intended to construct privately the sewer and water facilities necessary for Block 1.

Appellants purchased Lot 2 of Block 1 by contract for deed dated September 13, 1979. Pursuant to the contract, appellants purchased Lot 2 "as is" but agree to pay their pro rata share of the cost of installing water and sewer facilities and paved streets. Respondents retained sole discretion to either construct such improvements themselves or obtain approval of an SID for the same. The City of Helena resolved to create an SID for the construction of water and sewer facilities on November 24, 1980. Neither sewer and water facilities were constructed in Block 1.

Appellants discontinued making payments required by the contract for deed in August of 1984. One month later, through their attorney, appellants made an offer of rescission to respondents based on the lack of facilities in Block 1 and the inflated purchase price of Lot 2 compared with the value of nearby lots being sold by the City of Helena. Respondents declined this offer. Appellants' complaint filed January 7, 1986, prayed for rescission of the

2

contract for deed founded in respondents' failure to perform their contractual obligations.

Appellants alleged respondents breached the contract by not connecting the property to water and sewer facilities or building access roads. Appellants additionally claimed the property was subject to SIDs substantially exceeding the $0.21 per square foot represented by respondents. On March 1, 1988, appellants filed an amended complaint seeking rescission or damages based on respondents' use of plats in inducing appellants' purchase of Lot 2. Respondents moved for summary judgment on May 16, 1988. Appellants appeal from the District Court's grant of that motion. We affirm.

Appellants raise two issues on appeal:

1. Did the District Court erroneously conclude that appellants raised no genuine issues of material fact?

2. Did the District Court err in finding appellants' claim for rescission barred by laches?

Appellants contend the District Court erred in its grant of summary judgment to respondents because genuine issues of material fact remain.

Summary judgment is properly granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P. The moving party initially must prove there are no genuine issues of material fact. Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 315, 597 P.2d 58, 60; Eitel v. Ryan (Mont. 1988), 751 P.2d 682, 684, 45 St.Rep. 521, 524. "However, where the record discloses no genuine issue of material fact, the burden of proof shifts to the party opposing the motion, who must come forward with substantial evidence raising an issue of fact." Kaiser v. Town of Whitehall (1986), 221 Mont. 322, 325, 718 P.2d 1341,

3

1342; Mayer Bros. v. Daniel Richard Jewelers, Inc. (1986), 223 Mont. 397, 399, 726 P.2d 815, 816.

Appellants contend the affidavit of Dick Nesbit and certain discovery filed by the respondents after respondents' motion for summary judgment raised genuine issues of material fact. However, appellants fail to disclose exactly what factual issues are raised by these documents. Mere speculation and conclusory statements are insufficient to meet the non-moving party's burden. Fauerso v. Maronick Constr. Co. (1983), 203 Mont. 106, 112, 661 P.2d 20, 23; Brothers v. General Motors Corp. (1983), 202 Mont. 477, 481, 658 P.2d 1108, 1110; Eitel v. Ryan (Mont. 1988), 751 P.2d 682, 684, 45 St.Rep. 521, 524. We find appellants' contention in this regard without merit.

Appellants further assert that the District Court presumed the existence of certain facts which were never at issue. The lower court in its opinion stated:

> The question here arises from [appellants'] theory that the documents associated with the preliminary filing, but not with the final one, somehow bound the [respondents] to build, and, we presume pay, for the SID's [sic] in question.

The record does not reflect any claim by appellants that respondents should pay for improvements to Block 1. In any case, as appellants seek rescission, not specific performance, the issue of financial responsibility for improvements to Block 1 is not material.

Appellants finally assert that the District Court erred in concluding no genuine issue of material fact existed regarding the use of respondents' plats in inducing appellants' purchase of Lot 2.

4

Appellants rely on our holding in Majers v. Shining Mountains (1986), 219 Mont. 366, 711 P.2d 1375, for the contention that representations contained in plats used to induce the sale of subdivision lots create implied covenants binding upon the seller. Shining Mountains recorded plats containing designated roads and common areas for a subdivision of approximately 7,000 acres. Majers, 711 P.2d at 1376. The plats were filed before the Subdivision and Platting Act, codified at §§ 76-3-101 et seq., MCA, became effective in 1973. Majers, 711 P.2d at 1376. Majers purchased a lot within the subdivision pursuant to a sales agreement providing that Shining Mountains would form a nonprofit association to oversee development of the subdivision but containing no commitment to actually construct anything. Majers, 711 P.2d at 1376.

We affirmed the district court's grant of summary judgment to Majers based on its ruling that "reservation of easements for roadways in subdivision plats creates an implied common-law covenant by the lot seller to open and construct roadways . . . " Majers, 711 P.2d at 1376. We further found that

> [W]here land is sold with reference to a map or plat showing a park or like open area, the purchaser acquires a private right, generally referred to as an easement, that such area shall be used in the manner designated.

However,

> Whether there is any legally enforceable right to have the roads constructed depends not on the designation in the plats but on the use of those plats in inducing purchases.

5

<u>Majers</u>, 711 P.2d at 1378 (quoting <u>Ute Park Summer Homes</u> <u>Ass'n. v. Maxwell Land Grant Co.</u> (N.M. 1967), 427 P.2d 249, 253).

Section 76-3-304, MCA, provides that when land is sold with reference to a properly recorded plat, the plat becomes part of the document conveying the interest in land. The effect of this section is not to create an obligation upon the seller to construct improvements represented on the plat but merely to create an easement for the purchaser's benefit. <u>Majers</u>, 711 P.2d at 1377. Respondents contend that our holding in <u>Majers</u> is inapplicable to the case at hand because the respondents are subject to the provisions of the Subdivision and Platting Act while the sellers in <u>Majers</u> were not.

The rule proposed by respondents would deny recovery to purchasers of subdivision lots for fraudulent misrepresentations made by the sellers of those lots. We decline to adopt such a rule. Recently we held that when a seller of land, not subject to the provisions of the subdivision statutes, made representations to the buyer regarding improvements to access roads, the nature of those representations and their effect in inducing the purchase were a submissible jury issue. <u>Dew v. Dower</u> (Mont. 1989), 774 P.2d 989, 991, 46 St.Rep. 981, 985. The purpose of the Subdivision and Platting Act is not to shield sellers from liability for their fraudulent misstatements. <u>Majers</u>, 711 P.2d at 1377.

Appellants make the bare, conclusory statement that respondents used the plats to induce appellants' purchase of Lot 2. They introduce no facts to support this contention. In <u>Dew</u>, two plaintiffs testified as to the defendant's representations, all the male plaintiffs stated they had been shown a certificate of survey which was also referred to in the contract for deed, a realtor stated the defendant showed

6

him stakes defining the boundary of an improved road and the defendant admitted she made certain representations regarding the road. Dew, 774 P.2d at 990-91. The plaintiffs in Majers stated that not only did defendant's agents affirmatively assure them certain improvements would be made but that defendant refused to make the improvements after repeated requests. Majers, 711 P.2d at 1376.

Appellants make no similar factual allegations. We will not speculate as to the possible inducement alleged by appellants nor will we infer facts from appellants' conclusory statements.

Appellants further contend that the District Court erred in dismissing their claim for rescission based on laches. Laches is an equitable remedy the propriety of which we will determine on a case by case basis. Matter of Estate of Winter (Mont. 1987), 734 P.2d 178, 180, 44 St.Rep. 430, 433. Section 28-2-1713, MCA, requires a party seeking rescission to use reasonable diligence in asserting its claim once its right to rescind is apparent. Therefore the question before us is whether appellants were reasonably forthcoming in demanding rescission from respondents or whether their claim should be barred by laches.

Appellants claim they were not aware until 1986 that they could not obtain a building permit for Lot 2 because the entire block lacked streets and water and sewer facilities. In addition, they claim that "what appeared to be construction of sewer and water had occurred after the contract was signed . . . [i]t turned out to be an outfall line from a subdivision above Intercity." There is conflicting evidence that this outfall line was constructed prior to appellants' purchase of their lot. Furthermore, the City of Helena Commission voted to abandon the SID for construction of improvements on Block 1 in November of 1981.

7

Appellants contend respondents proclaimed that "connection of the property to utilities was imminent and that a paved access road would soon be built to the property." Despite obvious indications that these improvements had not been made, appellants continued making payments on the contract for deed for five years. Knowledge of the existence of a claim will be imputed to a party who has sufficient information to put it on inquiry notice of that claim. McGregor v. Mommer (1986), 220 Mont. 98, 108, 714 P.2d 536, 542. The District Court had sufficient evidence with which to impute appellants' knowledge of this claim.

The plaintiff in McGregor purchased a wholesale and retail gasoline business from defendants. McGregor, 714 P.2d at 539. Although the District Court found the plaintiff had inquiry notice of defendants' negligent misrepresentation as early as 1977, plaintiff continued making payments on the purchase contract until 1981. McGregor, 714 P.2d at 542. We found the district court erroneously permitted the jury to consider rescission as a remedy when the plaintiff failed to assert its claim promptly and with reasonable diligence. McGregor, 714 P.2d at 542. Similarly, appellants in the case at hand failed to demand rescission within a reasonable time. The District Court did not err in finding the appellants' claims barred by laches.

Affirmed.

Justice

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices