No. 90-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

FIRST SECURITY BANK OF BOZEMAN,

Plaintiff and Respondent,

-vs-

MILTON E. JONES and HELEN
C. JONES; and AMERICAN LAND
TITLE COMPANY,

Defendants and Appellants.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas E. Smith, Scot Schermerhorn, Moulton,
Bellingham, Longo & Mather, P.C., Billings, Montana

For Respondent:

Calvin L. Braaksma, Landoe, Brown, Planalp &
Kommers, P.C., Bozeman, MT 59715

Submitted on Briefs:   May 16, 1990

Decided:   June 26, 1990

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

District Judge Larry Moran of the Eighteenth Judicial District, Gallatin County, granted summary judgment to plaintiff First Security Bank of Bozeman in its effort to foreclose on five deeds of trust delivered by defendants Milton E. and Helen C. Jones for a promissory note. We affirm the summary judgment.

The issue which we will review is whether the District Court erred in ruling that First Security Bank could judicially foreclose upon five deeds of trust in two counties, by filing separate actions in each of the counties, wherein the Bank sought a single judgment and a single, integrated foreclosure proceeding?

The facts relevant to this appeal are simple and undisputed. On May 24, 1988, Milton and Helen Jones (Joneses), husband and wife, executed a promissory note to First Security Bank (Bank) in the amount of $132,026.26. As collateral for the obligation the Joneses pledged five deeds of trust covering five parcels of real property, four parcels located in Gallatin County and one in Flathead County.

The Joneses subsequently defaulted on the promissory note. The Bank proceeded to foreclose upon the deeds of trust as mortgages, filing actions in both Gallatin and Flathead counties. The complaint filed in Gallatin County sought collection of the promissory note and foreclosure of the four deeds of trust covering the four Gallatin properties. Likewise, the complaint filed in Flathead County sought collection on the same promissory note and foreclosure of the deed of trust covering the Flathead real

2

property. The two complaints reference to and incorporate each other and allege default of the same promissory note, but clearly set forth that the Bank seeks a single recovery with integrated and coordinated foreclosures and, thereafter, a single deficiency judgment.

The Joneses answered, specifically setting forth as affirmative defenses that (1) the Bank violated § 71-1-222, MCA, which requires but one action for recovery of a debt or enforcement of a right secured by a real estate mortgage; and (2) the Bank was barred from collecting upon the debt or obtaining a deficiency judgment, or both, by virtue of the doctrines of the one-action rule, waiver and estoppel.

The Bank filed a motion for summary judgment in the Gallatin County action. The Joneses then moved the court to deny the Bank's motion for summary judgment and to enter summary judgment on their behalf prohibiting the Bank from obtaining any deficiency judgment against them.

The District Court subsequently issued its Memorandum and Judgment which granted the Bank's motion for summary judgment. The Joneses now appeal from the summary judgment.

Summary judgment is appropriately granted where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The party seeking summary judgment has the burden of demonstrating absence of genuine factual issues. O'Bagy v. First Interstate Bank (Mont. 1990), 785 P.2d 190, 191, 47 St.Rep. 69, 71. The burden then

3

shifts to the non-moving party who must show the existence of a genuine issue in order to prevail. Id. To meet this burden, the non-moving party must proffer substantial evidence, not mere speculation and conclusory statements. Hando v. PPG Industries, Inc. (1989), 236 Mont. 493, 500, 771 P.2d 956, 959; Benson v. Pyfer (Mont. 1989), 783 P.2d 923, 925, 46 St.Rep. 2033, 2035.

In the case at bar it has been shown that no genuine issue of material fact exists. The agreed upon facts establish that the Joneses executed the promissory note and deeds of trust which are the subject of this action, delivered them to the Bank, and then failed to make payment as required in the note.

Appellants argue that the Bank violated § 71-1-222, MCA, Montana's "one action rule," by filing simultaneous actions in the two counties where the real property pledged as security on the note is located. In pertinent part, the statute reads:

> (1) There is but one action for the recovery of debt or the enforcement of any right secured by mortgage upon real estate, which action must be in accordance with the provisions of this part. . .

Section 71-1-222(1), MCA.

The purpose of the one-action rule "[i]s to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor." Barth v. Ely (1929), 85 Mont. 310, 320, 278 P. 1002, 1006 (quoting Merced Bank v. Casaccia (Cal. 1894), 37 P. 648). Also, the rule is intended to shield a mortgagor from multiple lawsuits where two separate actions, while theoretically distinct, are so closely

4

connected that the two can and should be decided in one suit. Stallings v. Erwin (1966), 148 Mont. 227, 233, 419 P.2d 480, 483. See also Dietrich, The Montana Judicial and Non-Judicial Foreclosure Sale: Analysis and Suggestions for Reform, 49 Mont.L. Rev. 285, 298 (1988).

The Bank did not intend to defeat the purpose of the one-action rule by filing complaints in both Gallatin and Flathead counties. The Bank filed simultaneous foreclosure proceedings in an attempt to comply with § 25-2-123, MCA, which states that:

> (1) The proper place of trial for the following actions is the county in which the subject of the action or some part thereof is situated:
>
> . . .
>
> (d) for the foreclosure of all liens and mortgages on real property.

Section 25-2-123(1), MCA.

Each complaint references and incorporates the other. The two complaints seek a single recovery, a single, integrated, coordinated foreclosure, and a single deficiency judgment thereafter. In no way did the Bank endeavor to circumvent the one-action rule.

We affirm the judgment of the District Court and concur with its Memorandum wherein it noted:

> The [Gallatin and Flathead] actions are not sequential actions, and it is sequential actions that are usually at issue when the one action rule is raised. Nor is there any effort to keep one or the other Court in the dark regarding the simultaneous action for foreclosure and deficiency judgment.

5

. . .

> The Court concludes that Plaintiff's Complaints, though filed in two counties are, because of the language of the Complaints, one action, and Plaintiff is acting entirely within the stated purpose of the one action rule. The remedy being pursued is a foreclosure action and includes a deficiency claim in the same proceeding. The mortgagor is, essentially, being protected against a multiplicity of actions.

. . .

> This case is a proper one for summary judgment, there being no genuine dispute over material fact.

The District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6