JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion which is, in my view, contrary to existing Montana statute and case law. For purposes for clarity, I first set forth the appropriate legal analysis and resolution of the issue presented in this case; that analysis will reflect my overall *287 disagreement with the approach and resolution adopted by the Court. I then focus in on more specific errors in the Court’s reliance on certain authorities.
This case involves an interest in real property which the sellers assert they created in themselves, during the transaction, to the detriment of the purchasers. Given the importance of real property interests, it is imperative that we be both clear and focused in setting forth the issue before us. Here, the narrow issues are these:
(1) Whether showing an easement on a certificate of survey creates, in and of itself, the easement; and
(2) Assuming that it does not, whether such a certificate of survey can be incorporated into the transaction documents via § 76-3-304, MCA, with the result that the incorporation creates the easement.
The Court does not analyze the first issue but apparently answers it in the affirmative through its holding that “the transaction documents ... establish an easement in favor of the Baches along the western edge of the property sold to Owens, as described in the COS.” It so holds at the end of an opinion which primarily addresses and applies the statute at issue here, § 76-3-304, MCA. Thus, despite the quoted holding, the Court appears to answer the second issue in the affirmative as well. Notwithstanding my disagreement with the entirety of the Court’s opinion and result, my biggest concern is with the Court’s lack of analysis and clarity in this important area of property rights.
An easement is a nonpossessory interest in real property. Kuhlman v. Rivera (1985), 216 Mont. 353, 358, 701 P.2d 982, 985. While the definition of an easement has remained constant, this Court has stated the recognized methods of creating an easement by several different means. In Prentice v. McKay (1909), 38 Mont. 114, 118, 98 P. 1081, 1083, we stated that an easement “cannot be created, granted, or transferred except by operation of law, by an instrument in writing, or by prescription.” We recently reiterated that principle in Wild River Adventures v. Bd. of Trustees (1991), 248 Mont. 397, 400, 812 P.2d 344, 346-47. We also have stated that easements can be created by grant, reservation, exception or covenant, by implication or by prescription. Kuhlman, 701 P.2d at 985. In addition, we have recognized the creation of easements by necessity, describing such easements as a subspecies of easements by implication or, as they are sometimes called, implied easements. Graham v. Mack (1985), 216 Mont. 165, 175, 699 P.2d 590, 596.
*288 The thrust of the Prentice/Wild River approach is that easements can be created by an instrument in writing or by operation of law. Of the types of easements recognized in Montana through the Kuhlmanem>/Graham line of cases, easements created by an instrument in writing are those created by express grant, reservation, exception or covenant. Because such easements involve interests in real property, they must be in writing to comply with the statute of frauds. Bruce and Ely, The Law of Easements and Licenses in Land, par. 3.01 (1988 & Supp. No. 1 1994). As is generally the case in construing instruments in writing, the parties’ intentions regarding the creation of an easement should be determined from the language of the instruments; only where that language is ambiguous or uncertain may all of the circumstances surrounding the transaction be considered. See, 25 Am. Jur. 2d Easements & Licenses § 23 (1966); Wild River, 812 P.2d at 346-47.
Easements which are created by operation of law, on the other hand, rather than through instruments in writing, have arisen and been recognized in order to meet particular needs and circumstances. Easements created by operation of law and recognized in Montana are easements by prescription; by implication (sometimes called implied easements or implied easements by reservation; see Woods v. Houle (1988), 235 Mont. 158, 162, 766 P.2d 250, 253); and by necessity. These easements created by operation of law are not favored by courts because they result in depriving people of the use of their property by imposing a servitude based on considerations not constrained by the “instrument in writing” requirement for creating interests in real property; each has specific requisite elements which must be proved before such an easement is established. See, e.g., Woods, 766 P.2d at 252-53.
Here, the Court dispenses entirely with any reference to the type of easement it determines was created in this case. While one might surmise from the lack of analysis that the Court agrees that the easement was not created through the transaction documents on a stand-alone basis and that its result requires the application of § 76-3-304, MCA, its holding suggests otherwise. In any event, the District Court at least implicitly rejected the Baches’ “easement by express reservation” (that is, solely through instruments in writing) theory in concluding that a private roadway easement was created in their favor by “operation of law” via the application of § 76-3-304, MCA. To the extent the District Court rejected that theory, it was correct. Importantly, in this regard, the Baches have abandoned that theory on appeal and argue in support of the District Court’s “opera *289 tion of law” conclusion. This Court does not bother to state the actual basis of its determination that an easement was created here.
Existing law simply does not support the result reached by the Court. As discussed above, we have recognized only three kinds of easements created by operation of law: easements by prescription, by necessity and by implication. The requisite elements and proofs necessary to establish the creation of such easements, as summarized in Woods, relate in large part to non-writings-related facts and circumstances not discussed or relied on by either the District Court or this Court in resolving the limited issues presented in this case. See Woods, 766 P.2d at 252-53.
The Court’s determination that an easement was created here at least implicitly establishes a new species of easement not supported by Montana law. It is an easement which does not fit within the categories of creation by an instrument in writing or creation by operation of law, as we have recognized those concepts. Rather, the Court appears to establish — its “holding” notwithstanding — a “combined” version of these recognized methods of creating an easement by relying on written instruments and then applying a statute to — or, stated differently, having the “law operate upon” — those instruments. Even assuming our willingness to recognize such an easement, the premise for such an approach necessarily would require the existence of a statute applicable to such facts and intended by the legislature to accomplish such a result. No such statute currently exists.
The simple fact is this: § 76-3-304, MCA, has no application here. Section 76-3-304, MCA, is part of Montana’s Subdivision and Platting Act (the Act). It provides in pertinent part:
Effect of recording complying plat. The recording of any plat ... shall serve to establish the identity of all lands shown on and being a part of such plat. Where lands are conveyed by reference to a plat, the plat itself... shall be regarded as incorporated into the instrument of conveyance ....
We previously have determined that plats and certificates of survey are not the same. In Dep’t of Health v. Lasorte (1979), 182 Mont. 267, 270, 596 P.2d 477, 480, we observed that the Act separately defines the terms “certificate of survey” and “plat.” A certificate of survey is a “drawing of a field survey prepared by a registered surveyor for the purpose of disclosing facts pertaining to boundary locations,” whereas a plat is a “graphical representation of a subdivision showing the division of land into lots, parcels, blocks, streets, alleys, and other divisions and dedications.” Section 76-3-103(1) and (9), MCA. In *290 addition, the purposes and use to be made of the two are different. Lasorte, 596 P.2d at 480-81. Based on these distinctions between a certificate of survey and a plat, we declared void an administrative regulation equating the two. Lasorte, 596 P.2d at 481. Thus, it is clear from the Act and case law that certificates of survey and plats are different instruments. Without so much as a fond farewell, the Court bids adieu to both the legislature’s enactment of separate and distinct definitions and purposes relating to certificates of survey and plats, and its own case law. I cannot agree.
More specifically, I disagree with the Court’s reliance on Benson v. Pyfer (1989), 240 Mont. 175, 179, 783 P.2d 923, 925, for any purpose whatsoever in this case. Benson is factually and legally irrelevant to the case now before us. It involved a seller’s use of representations in a plat, regarding roadways and open common areas, as inducements to purchasers of lots and whether such representations were enforceable by the purchasers against the seller. Neither the facts nor the legal issues of that case have any bearing here. Benson clearly involved a plat to which § 76-3-304, MCA, was indisputably applicable.
Moreover, our reliance in Benson on Majers, also relied on by the Court here, is equally without relevance. The Court correctly reiterates our Majers statement that the reservation of an easement in a subdivision plat creates a covenant enforceable against the seller. Again, the case before us does not involve a plat. Furthermore, the Court concedes the more fundamental irrelevance of Majers here by conceding that Majers predated the legislature’s enactment of the statutory definition of a plat.
Throughout its opinion, the Court focuses on refuting Owens’ arguments. Via this focus, the Court may hope that the reader will miss the total lack of authority to support what it does here. The lack of authority is too clear to be missed.
In this case, the Court ignores both statute and case law to reach its result. While we are free to “amend” our own cases where the law allows or requires it, we ought never to ignore it. Doing so creates enormous difficulties for district courts and practicing lawyers. More importantly, we are not free to ignore valid legislative enactments or twist them beyond recognition to suit ourselves in reaching a result in a particular case.
Finally, the effects of the Court’s decision today will be far-reaching with regard to the confusion it produces in the vitally important area of property rights and the creation of interests in real property. The Court here creates a situation where whether a certificate is a certificate of *291 survey or a plat necessarily will be decided by courts on a case-by-case basis, rather than clearly and cleanly determined pursuant to rules established by the legislature. I cannot agree. I dissent.
JUSTICE NELSON joins in the foregoing dissent of JUSTICE GRAY.
[[Image here]]